Commonwealth v. Doll

*John T. Miller*, Assistant District Attorney, for Commonwealth.

*Arthur D. Weeks*, for defendant.

SHADLE, J., May 6, 1965. — Defendant purchased an automobile from another party. On an undisclosed date he removed the registration plate from another automobile owned by him and placed it on the newly purchased one. On February 3, 1965, he was arrested while driving the car, and was charged with violating section 505 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §505. This provides that "No motor vehicle . . . shall be operated under any other registration plates than those of its own registration, *except as provided in this act*." (Italics supplied.)

Defendant had not made application for transfer of the registration plate by February 3, 1965, but he did make application thereafter, and the plate actually was transferred on February 8, 1965.

Section 508(a), as amended, of the code, 75 PS §508, provides as follows:

"After the transfer of registration . . . plates from a motor vehicle . . . to another motor vehicle . . . owned by the same owner . . . the owner or operator shall not, for a period of thirty (30) days, be subject to a fine for the operation of the latter motor vehicle . . . without the proper transfer registration card for

the registration . . . plates displayed, provided he shall have made application to the department as required by this act within five (5) days after said transfer of registration . . . plates, for transfer of the registration . . ."

Although the Commonwealth proved that defendant had not made application to transfer the registration plate by the day he was arrested, it was unable to prove the date when the plate was physically transferred, or the date when he made application for the transfer. Hence, the Commonwealth failed to prove that the application was not made within five days of the physical transfer, the grace period allowed by section 508(a), and, therefore, not within the exception permitted by section 505.

While the Commonwealth need not negative every possibility of innocence under every section of the code, where the act is not an offense if it falls under a specified exception referred to in the section itself, we think the Commonwealth must negative such exception in order to establish guilt. This could have been done here by alleging and proving, if it was so, that defendant had not applied for transfer of registration within five days of the transfer of the plate. Since the registration actually was transferred on February 8th, the probability is that the application was made on February 7th or earlier, which was four days or less after the arrest on February 3rd, on which date it is entirely possible defendant physically transferred the plate. If this were so, defendant could not be convicted under section 505 because of the exception in section 508(a).

Defendant having demurred to the evidence, we conclude that the demurrer must be sustained.

### ORDER

And now, to wit, May 6, 1965 at 9 a.m. (EST), defendant's demurrer is sustained, and he is discharged, the costs to be paid by the County of York.